# EXHIBIT A

SUMMONS                              SC-85-1                              Clyde Castleberry Co., Covington, GA 30015

**IN THE SUPERIOR/STATE COURT OF** _HOUSTON_ **COUNTY**

**STATE OF GEORGIA**

_BARBARA McCOY_

CIVIL ACTION
NUMBER _13 V 47201_

_____

PLAINTIFF

vs.

_THE KROGER Co._

_____

DEFENDANT

**SUMMONS**

TO THE ABOVE NAMED DEFENDANT: _THE KROGER Co._

    You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name
and address is:

_JAMES E. LEE II, P.C._
_P.O. Box 6294_
_MACON, GA 31208-6294_

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive
of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This ___3rd___ day of ___September___, 20_13_.

                                        Clerk of Superior/State Court

                                        BY _Kendra H. Simons_
                                                        Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

*2nd original with summons*

SERVE

# IN THE STATE COURT OF HOUSTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **BARBARA MCCOY,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **vs.** | : | **Civil Action No.** _13-V-47201_ |
| | : | |
| **THE KROGER CO.,** | : | |
| **Defendant.** | : | |

## COMPLAINT FOR DAMAGES

**COMES NOW**, Barbara McCoy, Plaintiff in the above-captioned matter, and by and through her attorney, files her Complaint for damages against Defendant, respectfully showing as follows:

This is a renewal action filed in accordance with O.C.G.A. § 9-2-61. This action was originally filed in this Honorable Court under the same styling as the caption above and given the Civil Action No. 2012-V-46415. Said action was voluntarily dismissed without prejudice by the Plaintiff on May 23, 2013, and the dismissal was filed by the clerk on May 24, 2013. All costs of the original action have been paid, as required by O.C.G.A. § 9-11-41, and Plaintiff is within the six (6) month period allowed to recommence her action pursuant to O.C.G.A. § 9-2-61.

FILED IN OFFICE STATE COURT OF
HOUSTON COUNTY

## PARTIES, JURISDICTION, AND VENUE

SEP - 3 2013

1.

Plaintiff Barbara McCoy ("Plaintiff") resides in Bonaire, Houston County, Georgia, and voluntarily avails herself of the jurisdiction and venue of this Honorable Court.

2.

Defendant The Kroger Co. ("Defendant") is a foreign corporation organized and existing

1

by virtue of the laws of the State of Ohio, engaged in the business of owning and operating grocery stores, and is authorized to transact and do business in the State of Georgia. Defendant transacts business in Warner Robins, Houston County, Georgia and has a Registered Agent in Marietta, Cobb County, Georgia. Defendant may be served through its registered agent for service of process, CSC of Cobb County, Inc., 192 Anderson Street S.E., Suite 125, Marietta, GA 30060.

3.

Pursuant to O.C.G.A.§ 14-2-510(b)(4), because the accident causing Plaintiff's injury occurred in Houston County, jurisdiction and venue are proper as to this Defendant in this Honorable Court.

**FACTUAL BACKGROUND**

4.

Plaintiff repeats, realleges, and reavers each and every allegation contained in paragraphs one (1) through three (3) by reference as if fully and completely set forth herein verbatim.

5.

Defendant has a location and transacts business at 115 Richard B. Russell Parkway, Warner Robins, Houston County, Georgia 31093.

6.

On or about July 8, 2010, Plaintiff was shopping at the Kroger located at 115 Richard B. Russell Parkway, in Warner Robins, Georgia, which is owned, operated, leased and/or possessed by Defendant.

7.

On or about July 8, 2010, Plaintiff was walking down the frozen food aisle of

2

Defendant's market, when suddenly and unexpectedly, she slipped on a wet slippery foreign substance on the floor and fell to the ground causing injury.

8.

Plaintiff's fall was the direct result of the presence of the foreign substance on the floor and the presence of the foreign substance constituted a dangerous condition and made the Defendant's premises unreasonably unsafe.

9.

Defendant was negligent for failing to keep and maintain their premises in a safe condition.

10.

As a direct and proximate result of Defendant's negligence, Plaintiff suffered personal injuries that required medical attention.

11.

Defendant had actual and/or constructive knowledge of the dangerous condition on the premises, which was superior to the knowledge Plaintiff had of said condition.

12.

Defendant failed to warn Plaintiff of the dangerous condition on its property.

13.

At all times relative to this incident, Plaintiff was exercising due care for her own safety.

## CLAIM AGAINST DEFENDANT

14.

Plaintiff repeats, realleges, and reavers each and every allegation contained in paragraphs one (1) through thirteen (13) by reference as if fully and completely set forth herein verbatim.

15.

Defendant was negligent for failing to keep its premises safe in violation of O.C.G.A. § 51-3-1, by among other things, maintaining the premises in an unsafe manner and failing to remove dangers and objects on its premises.

16.

Defendant was negligent for failing to warn of the dangerous condition on its premises in violation of O.C.G.A. §51-3-1.

17.

Defendant's negligence was the proximate cause of Plaintiff's injuries.

18.

As a direct and proximate result of Defendant's negligence, Plaintiff sustained severe injuries that required extensive medical treatment.

19.

As a direct and proximate result of Defendant's negligence, Plaintiff endured physical, mental, and emotional pain and suffering due to the injuries she sustained in the fall.

20.

As a direct and proximate result of Defendant's negligence, Plaintiff has, to date, incurred special damages in the form of medical expenses totaling approximately $12,110.89 due to the injuries she sustained in the slip and fall incident.

21.

Plaintiff is entitled to recover from Defendant as special damages compensation for her medical expenses to the extent permitted by law and in an amount to be proven at trial.

22.

Plaintiff is entitled to recover for past, present, and future pain and suffering, both physical and mental. Plaintiff also seeks general damages due to Defendant's negligence.

23.

Defendant's actions in this matter constitute bad faith, stubborn litigiousness, or unreasonable and unnecessary delay so as to entitle Plaintiff to reasonable and necessary attorney fees in an amount to be proven at trial pursuant to O.C.G.A.§ 13-6-11.

**WHEREFORE**, Plaintiff prays for the following relief:

(a) that summons issue and Defendant be served as required by law;

(b) that Plaintiff receive a trial by jury;

(c) that Plaintiff recover an amount sufficient to compensate her for special damages for her medical expenses in an amount to be proven at trial and to the extent permitted by law;

(d) that Plaintiff recover general damages for her past, present and future pain and suffering in an amount to be determined by a fair and impartial jury;

(e) that Plaintiff have and recover expenses of this litigation, including reasonable and necessary attorney fees in an amount to be proven at trial pursuant to O.C.G.A.§ 13-6-11;

(f) that all costs of this proceeding be assessed against Defendant; and

(g) that Plaintiff receive such further relief as this Court deems just and proper.

<SIGNATURE APPEARS ON THE FOLLOWING PAGE>

Respectfully submitted this _____ day of August, 2013.

JAMES E. LEE II
State Bar No. 443405
Attorney for Plaintiff

James E. Lee II, P.C.
870 College Street
P.O. Box 6294
Macon, Georgia 31208-6294
(478) 749-6901
(478) 749-6964 (fax)

6

**SHERIFF'S ENTRY OF SERVICE**

Civil Action No. 13-V-447201

Date Filed _____

Superior Court
State Court
Magistrate Court
Probate Court
Juvenile Court

**SERVE**

Georgia, HOUSTON COUNTY

BARBARA McCOY

_____ Plaintiff

Attorney's Address

JAMES E. LEE II, P.C.
P.O. Box 6294
MACON, GA 31208-6294

vs.

THE KROGER CO.

Name and Address of Party to be Served.

THE KROGER Co. c/o: CSC of Cobb County, Inc.
192 Anderson Street SE, Suite 125
Marietta, GA 30060

_____ Defendant

_____ Garnishee

**SHERIFF'S ENTRY OF SERVICE**

**PERSONAL**

I have this day served the defendant _____ personally with a copy
of the within action and summons.

**NOTORIOUS**

I have this day served the defendant _____ by leaving a
copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION**

Served the defendant _____ a corporation
by leaving a copy of the within action and summons with
in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said
affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the
defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the
place stated in the summons.

**NON EST**

Diligent search made and defendant _____
not to be found in the jurisdiction of this Court.

This _____ day of _____, 20_____

_____
DEPUTY

SHERIFF DOCKET _____ PAGE _____

IN THE STATE COURT OF HOUSTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| **BARBARA MCCOY,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **vs.** | : | Civil Action No. _____ |
| | : | |
| **THE KROGER CO.,** | : | |
| | : | |
| **Defendant.** | : | |

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT

Pursuant to O.C.G.A. § 9-11-36, you are hereby required to answer, in the form provided by law, the following Request for Admissions:

### REQUEST FOR ADMISSION NO. 1

Admit that you have been correctly named in the present cause of action insofar as the legal designation of names is concerned.

### REQUEST FOR ADMISSION NO. 2

Admit that you have been properly served as a party defendant.

### REQUEST FOR ADMISSION NO. 3

Admit that service of process is sufficient with regard to you in this case.

### REQUEST FOR ADMISSION NO. 4

Admit that the State Court of Houston County has jurisdiction over the subject matter of this case.

### REQUEST FOR ADMISSION NO. 5

Admit that the State Court of Houston County has personal jurisdiction over you as a party defendant in this case.

### REQUEST FOR ADMISSION NO. 6

Admit that venue is proper in the State Court of Houston County.

### REQUEST FOR ADMISSION NO. 7

Admit that Plaintiff states a claim upon which relief can be granted.

### REQUEST FOR ADMISSION NO. 8

Admit that Plaintiff has not failed to join a party under O.C.G.A. section 9-11-19.

### REQUEST FOR ADMISSION NO. 9

Admit that on July 8, 2011, you were the owner of the Kroger Store located at 115 Richard B. Russell Parkway, Warner Robins, Houston County, Georgia.

### REQUEST FOR ADMISSION NO. 10

Admit that on July 8, 2011, a slick foreign substance was present on the floor of one of the aisles of the Kroger store in question.

### REQUEST FOR ADMISSION NO. 11

Admit that the presence of the foreign substance on the floor of the Kroger store in question, on July 8, 2011, created an unreasonably dangerous condition.

### REQUEST FOR ADMISSION NO. 12

Admit that on July 8, 2011, Plaintiff slipped and fell due to stepping on the foreign substance present on the floor of the Kroger store in question.

### REQUEST FOR ADMISSION NO. 13

Admit that on July 8, 2011, you failed to warn guests of the dangerous condition caused by the presence of the foreign substance on the floor of the Kroger store in question.

### REQUEST FOR ADMISSION NO. 14

Admit that Plaintiff's fall on July 8, 2011, at the Kroger store in question, was the proximate cause of her injuries.

### REQUEST FOR ADMISSION NO. 15

Admit that Plaintiff was exercising ordinary care for her own safety at the time of her slip and fall.

### REQUEST FOR ADMISSION NO. 16

Admit that on July 8, 2011, you or your employees, were aware, or should have been aware, of the foreign substance present on the floor of the Kroger store in question.

### REQUEST FOR ADMISSION NO. 17

Admit that on July 8, 2011, prior to Plaintiff's slip and fall, the employees at the Kroger store in question failed to clean up the spill that proximately caused the injuries to Plaintiff.

### REQUEST FOR ADMISSION NO. 18

Admit that you are in possession of video depicting Plaintiff's fall, on July 8, 2011, at the Kroger store in question.

Respectfully submitted this 30 day of August, 2013.

JAMES E. LEE II
State Bar No. 443405
Attorney for Plaintiff

James E. Lee II, P.C.
870 College Street
P.O. Box 6294
Macon, Georgia 31208-6294
(478) 749-6901
(478) 749-6964 (fax)

3

## IN THE STATE COURT OF HOUSTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **BARBARA MCCOY,** | : | |
| **Plaintiff,** | : | |
| **vs.** | : | **Civil Action No.** _____ |
| **THE KROGER CO.,** | : | |
| **Defendant.** | : | |

## <u>PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT</u>

**COMES NOW**, Barbara McCoy, Plaintiff in the above-referenced action and files Plaintiff's First Interrogatories to Defendant.

Pursuant to O.C.G.A. § 9-11-33, you are requested and instructed to answer the following interrogatories, separately and fully in writing and under oath, and to serve your answers upon counsel for plaintiff within the time required by law. If you object to a portion of any interrogatory, answer each such interrogatory fully to the extent such objection does not apply. If you are unable to answer any part of any interrogatory, answer the remaining parts as fully as possible and state which parts you are unable to answer.

As used herein, the term "you" or "yours" refers to you, your agents, representatives, employees and attorneys and any predecessor or successor corporations.

As used herein, the term "documents" means and includes all writings of any kind, including both the originals of such writings and all non-identical copies (whether different from the originals by reason of any notation made on such copies or otherwise), including, but not limited to, correspondence, memoranda, notes, diaries, notebooks, ledgers, letters, telegrams, minutes, contracts, offers, reports, studies, surveys, checks, statements, receipts, returns,

1

summaries, pamphlets, books, prospectuses, records of any sort of conversations, telephone calls, meetings or other communications, bulletins, computer printouts, teletypes, telecopies, invoices, worksheets, graphic or aural records for representations of any kind (including, but not limited to, photographs, negatives, undeveloped exposes of photographic film, charts, grafts, microfiche, microfilm, videotape, recordings, and motion pictures) and electronic or mechanical records or representations of any kind (including, but not limited to, tapes, cassettes, disks, and records).

As used herein, the term "identify" means:

(a) When used with respect to a natural person, to state that person's full name, business and residential addresses and telephone numbers, employer, and job title or profession;

(b) When used with respect to a corporation, government agency, or their business or governmental entity, to state the full name and address of said entity:

(c) When used with respect to a document, to describe briefly the nature of said document and to state the date it was prepared, the identity of the person who prepared it, the identity of the sender and recipient (if applicable) and the identity of the person or persons who now have possession, custody, or control of said document; and

(d) When used with respect to a communication to state the date of such communication, the manner in which it was accomplished (i.e., whether written or oral, and if oral, whether face-to-face or by telephone), to identify all persons who were parties to such communication or present when it occurred, to state the substance of such communication and to identify all documents which evidence the substance of such communication.

### INTERROGATORY NO. 1

Please identify all witnesses known to Defendant who saw or claim they saw, all or any part of the occurrence complained of in this action.

### INTERROGATORY NO. 2

Please identify all witnesses known to Defendant who arrived at the scene of the occurrence complained of in this action immediately or shortly after its occurrence.

### INTERROGATORY NO. 3

Please identify all persons who have given written or recorded statements covering the facts and/or circumstances of the incident which is the subject matter of this litigation, identifying the same with sufficient particularity to satisfy a Request for Production of Documents.

### INTERROGATORY NO. 4

Identify any photographs, diagrams, video or other pictorial representations concerning the events and happenings alleged in Plaintiff's Complaint.

### INTERROGATORY NO. 5

Identify each person (whether your employee or not), who, by virtue of his experience, education or training, is an expert or is believed by you to be qualified as an expert, and/or who has been retained by you or on your behalf to make an investigation or study of the incident under investigation.

### INTERROGATORY NO. 6

With particularity sufficient to satisfy O.C.G.A. §9-11-26(b)(4), please identify all persons (whether your employees or not) whom you expect to call or may call as an expert witness upon the trial of this matter.

### INTERROGATORY NO. 7

With particularity sufficient to satisfy O.C.G.A. §9-11-26(b)(2), please identify any policy or policies of liability insurance which would or might enure to the benefit of Plaintiff here by providing for payment of a part of, or all of any judgment rendered in favor of Plaintiff against Defendant or against any other person, firm or corporation who is or may be liable to Plaintiff by reason of the incident described in the Complaint.

### INTERROGATORY NO. 8

Please identify by author, date and specific act(s), event(s), condition(s), opinion(s) and/or diagnoses contained within any statement(s), memorandum(s), report(s), record(s), and/or data compilation(s) that you intend to use at trial under O.C.G.A. 24-8-803(6) and/or O.C.G.A. 24-9-902(11). NOTE: General reference to enclosed statement, memorandum, report, record, or data compilation will not be considered an adequate response hereunder.

### INTERROGATORY NO. 9

To your information, knowledge or belief, has there been any surveillance or taking of photographs of any party? If so, identify all persons who now have or have had custody and/or control of any records, tapes, films or other recordings of such surveillance, and identify every record, tape, film or other recording with sufficient particularity to satisfy a Request for Production of Documents.

### INTERROGATORY NO. 10

If you contend that Plaintiff has brought action against the wrong entity due to a misnomer, please state the complete name of the correct defendant in this action.

### INTERROGATORY NO. 11

Identify any person employed by Defendant who:

4

(a)    Was working at the Defendant's location as identified in the Complaint where Plaintiff fell on the date of Plaintiff's fall;

(b)    Worked at the above referenced location any time after Plaintiff's fall, through six (6) months after the date of Plaintiff's fall.

### INTERROGATORY NO. 12

Identify all persons who are/were responsible for inspecting, cleaning or in any way monitoring the floors of the subject location during the time period twelve (12) months prior to Plaintiff's fall through the date of these interrogatories. For each person identified give their full name, address, telephone number and respective hiring and termination dates.

### INTERROGATORY NO. 13

Identify any and all persons known to Defendant who slipped and fell in Defendant's referenced store for the two-year period preceding Plaintiff's fall and the two-year period following Plaintiff's fall. For each incident identified please state the following:

(a)    The exact location in the store where the individual fell;

(b)    The cause which said individual alleges was responsible for the fall;

(c)    The name, address, home telephone numbers, present place of employment, work telephone numbers, job titles, or capacities and present whereabouts of any and all persons having knowledge regarding said fall. Include specifically any legal representative of any person allegedly to have fallen as described above.

### INTERROGATORY NO. 14

Please state whether there existed, prior to the incident, which is the subject of Plaintiff's Complaint, any procedure or program for the regular inspection of the subject premises, which

such procedure or program was designed to identify and/or discover potential hazards to the users thereof. If so:

(a)     Provide a general description of each such procedure or program, including the identity of each person charged with the responsibility for implementing and conducting each such procedure or program;

(b)     State the regularity with which each such procedure or program was to be implemented or conducted, if applicable;

(c)     State whether the procedure or program had been carried out prior to the date of the subject incident; and

(d)     Identify all documents relating to each such procedure or program and their findings.

## INTERROGATORY NO. 15

Identify every document, report or memoranda including, specifically any "incident or accident report" relating to the subject store or of the subject incident or any of the injuries allegedly arising therefrom made to or reported to any entity including any insurance company or any public official or agency.

## INTERROGATORY NO. 16

Identify each person, corporation, firm, association or other entity (including insurance adjusters) that has conducted an investigation to determine any of the facts pertaining to any of the issues in this case; describe the nature of each such investigation; and state which of such investigators, if any, are in your regular employ.

## INTERROGATORY NO. 17

Do you contend that the injuries complained of in this case were caused by the negligence of any party other than yourself or your agents and servants?  If your answer is yes, please identify:

(a)     The party whom you contend was guilty of such negligence;

(b)     Every act of ordinary negligence which you claim was committed by such party or his agents and servants and which you contend proximately caused or contributed to the injuries complained of in this case;

(c)     Every act of gross negligence which you claim was committed by such party or his agents and servants and which you contend proximately caused or contributed to the injuries complained of in this case;

(d)     Every act of slight negligence which you claim was committed by such party or his agents and servants and which you contend proximately caused or contributed to the injuries complained of in this case;

(e)     Every act of negligence per se which you claim was committed by such party or his agents and servants and which you contend proximately caused or contributed to the injuries complained of in this case (include in your answer a citation to the statute, ordinance, rule or regulation which you contend established the controlling standard of conduct);

(f)     Each and every fact and reason upon which you base your contentions concerning acts of negligence committed by such party; and

(g)     Each and every person who has knowledge or information concerning each such fact.

## **INTERROGATORY NO. 18**

Please state, with respect to the premises where Plaintiff was injured, the following:

(a)     Whether any additions or changes in design or dimension were made to the store from the date of the original construction thereof to the date of these interrogatories, and if so, the dates and nature of any such changes;

(b)     The identity of the person or entity who made any subsequent changes; and

(c)     The identity of the person or entity who designed any subsequent changes.

## **INTERROGATORY NO. 19**

Please state whether you, or anyone acting on your behalf, had any knowledge or information, of any nature whatsoever, that any condition existed at the subject premises, which could cause or contribute to the occurrence alleged in Plaintiff's Complaint. If so:

(a)     State the date you acquired such knowledge and/or information;

(b)     State what knowledge and/or information you had;

(c)     Identify the person or persons who made such knowledge and/or information known to you;

(d)     State whether any remedial and/or corrective action was taken based upon such knowledge;

(e)     Identify the person who took any such remedial and/or corrective action, and state the date thereof; and

(f)     Identify any documents relating to such condition and/or corrective action.

8

## INTERROGATORY NO. 20

Please identify any inherent aspect of the subject premises or the business conducted thereon which you believe posed a risk of physical injury to persons upon the premises.  As to each such fact or circumstance identified:

    (a)      State when you were apprised of such inherent risk of danger; and

    (b)      Identify all documents relating to such fact or circumstance.

## INTERROGATORY NO. 21

Identify each and every document, tangible object or other item of real, documentary or demonstrative evidence which contains, or may contain, material or information which is, which may be, or which you contend is, relevant to any of the issues involved in this case, and identify the person presently having possession, custody or control of each item listed.

## INTERROGATORY NO. 22

Identify every person who supplied you with information, of whatever nature or description, used by you in answering these interrogatories.

## INTERROGATORY NO. 23

Please state whether, in compiling your answers to these interrogatories, you have made a reasonable and diligent effort to identify and provide not only such facts as are within your personal knowledge, but such facts as are also reasonably available to you and/or any person acting on your behalf.

## INTERROGATORY NO. 24

Please identify your ownership interest, management interest, leasehold interest, or any other interest you have in the premises that is the subject of this action.

## INTERROGATORY NO. 25

Please set forth with specificity the factual and legal basis for each defense raised in your answer.

## INTERROGATORY NO. 26

Identify any records, memoranda or other documents, including, but not limited to, "sweep logs", "maintenance logs", or any document containing information as to whom was responsible for ensuring that the floors of the subject premises were clear of debris or foreign substances for the time period beginning (1) one year before the subject incident through the date of these interrogatories. For every document identified, attach a copy to your responses.

## INTERROGATORY NO. 27

Please set forth with specificity the factual and legal basis for each Request for Admission that you deny.

Respectfully submitted this ___30___ day of August, 2013.

JAMES E. LEE II
State Bar No. 443405
Attorney for Plaintiff

James E. Lee II, P.C.
870 College Street
P.O. Box 6294
Macon, Georgia 31208-6294
(478) 749-6901
(478) 749-6964 (fax)

## IN THE STATE COURT OF HOUSTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **BARBARA MCCOY,** | : | |
| **Plaintiff,** | : | |
| **vs.** | : | **Civil Action No.** _____ |
| **THE KROGER CO.,** | : | |
| **Defendant.** | : | |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

**COMES NOW**, Barbara McCoy, Plaintiff in the above-referenced action and files Plaintiff's First Request for Production of Documents to Defendant.

Pursuant to O.C.G.A. § 9-11-34, Plaintiff requests that you produce and allow inspection and copying of the documents and tangible things designated below that are in your possession, custody or control.

As used herein the terms "you" or "your" refers to Defendant and its employees, agents, adjusters, and attorneys.  If the original of a document or tangible thing is within your possession, custody, or control, please produce the original. If the document or tangible thing is not within your possession, custody or control, produce each copy of the original which is in your possession, custody or control. All earlier drafts of final documents, and any copy of a document or earlier draft on which any notation, addition, alteration or change has been made is to be treated as constituting an additional original document. Each model or form of a tangible thing is also to be produced.  If, in response to any request for production, you assert a claim of privilege, or any other reason, in support of your refusal to produce documents, please identify

each such document, note the failure to produce the document or some part of it and the reason, and then comply with the request to the extent that the privilege or other reason does not apply to particular documents or parts thereof. The documents and tangible things designated for production are as follows:

## REQUEST FOR PRODUCTION NO. 1

Each and every document, tangible object, or other item of real, demonstrative or documentary evidence which contains, or may contain, material or information which is, or may be, relevant to any of the issues involved in this action.

## REQUEST FOR PRODUCTION NO. 2

Any and all photographs, videotapes, sketches, computer printouts, drawings, maps, sketches or other visually descriptive materials of the scene of the incident or any of the events alleged in Plaintiff's complaint.

## REQUEST FOR PRODUCTION NO. 3

Any surveillance photographs, movies or videotapes made of Plaintiff, whether said photographs, movies or videotapes were made the day of the incident that is the subject matter of this action or at any time subsequent to the incident.

## REQUEST FOR PRODUCTION NO. 4

Any and all documents that evidence, concern or refer to any written statements which were made by any party or witness or any other individual, whether a written or recorded statement or a memorandum or notation of an oral statement, and whether the original or a copy, and which is in the possession, custody or control of the defendant, its agents, employees, insurers or attorneys and including any written report prepared after the incident by management. This request is made pursuant to O.C.G.A. §9-11-26(b)(3).

## REQUEST FOR PRODUCTION NO. 5

Each and every insurance agreement under which any person carrying on an insurance business may be liable to you to satisfy part or all of any judgment which may be entered in this action or to indemnify or reimburse you for any payments made to satisfy such judgment.

## REQUEST FOR PRODUCTION NO. 6

Each and every document that evidences, concerns or relates to a policy, rule, regulation, directive, procedure, etc. which was applicable on the date of the occurrence at Defendant's store that is the subject of this action, regarding the inspection, examination, maintenance and cleaning of the floor of said store at any time, including, but not limited to, checking for spills or foreign debris on the floor.

## REQUEST FOR PRODUCTION NO. 7

If defendants contend that some other person or legal entity is, in whole or in part, liable to plaintiffs or defendants in this matter, please provide plaintiffs with full and complete copies of any and all documents that evidence, concern or relate to any document, including but not limited to letters, memoranda, written procedures and contracts, between defendants and such other person or legal entity purporting to make such other person or legal entity responsible for the hazardous condition that caused Plaintiff's fall at Defendant's store on the date of the occurrence that is the subject of this action..

## REQUEST FOR PRODUCTION NO. 8

Any and all documents that evidence, reference or relate to any and all incident reports, inspection reports, employee reports, employee statements, letters, memoranda, handwritten notes or any other document of any employee, agent or personnel of defendants referencing the slip and fall of Plaintiff at Defendant's store.

## REQUEST FOR PRODUCTION NO. 9

Any and all documents that evidence, reference or relate to any document prepared by any employees or agent of defendants whatsoever concerning slip and fall type incidents, accidents or injuries that have taken place at Defendant's store that is at issue in this lawsuit from one year prior to the date of Plaintiff's injury to the date of this Request.

## REQUEST FOR PRODUCTION NO. 10

Any and all documents that evidence, concern or relate to the names of employees or managers for Defendant's store at issue in this lawsuit for the three (3) months prior to Plaintiff's fall through (3) months after Plaintiff's fall, including, but not limited to, work schedules, job descriptions and payroll records.

## REQUEST FOR PRODUCTION NO. 11

Any and all documents that evidence, reference or relate to any maintenance, cleaning, repair or inspections of any portion of Defendant's store that is at issue, including floors, during the period beginning one (1) year prior to Plaintiff's fall through the date of this Request, including, but not limited to, sweep logs, log books, computer records, contracts, inspection sheets, inspection forms, or any other document whatsoever.

## REQUEST FOR PRODUCTION NO. 12

Any and all documents that evidence, relate to or concern employee or management conduct, rules, procedures, regulations or directives, including, but not limited to, employee manuals, employee handbooks, memoranda, bulletins and any other form of written or oral communication to employees and managers at Defendant's store that is at issue, that were in effect during the period beginning one (1) year prior to Plaintiff's fall through the date of this Request.

4

## REQUEST FOR PRODUCTION NO. 13

Any and all e-mails sent or received from Defendant's store that is at issue on and after the date of Plaintiff's fall and having anything whatsoever to do with the incident at issue, not including correspondence with legal counsel for Defendant.

## REQUEST FOR PRODUCTION NO. 14

Any and all documents used to answer or referenced by all Interrogatories served herewith.

## REQUEST FOR PRODUCTION NO. 15

Any materials you rely upon in the defense of this case.

## REQUEST FOR PRODUCTION NO. 16

Any materials you contend are relevant to either Plaintiff's Complaint or your Answer.

## REQUEST FOR PRODUCTION NO. 17

Any and all reports, whether written or otherwise recorded, made by any expert or experts whom the party expects to call as an expert at trial – O.C.G.A. § 9-11-26(b)(4)(A) – who has been retained or otherwise employed by Defendant in anticipation of litigation or preparation for trial this action. Note: These reports, notes and other materials are discoverable. See *Watson v. Elbert County Hospital*, 125 Ga.App. 112, 114, (1971).

## REQUEST FOR PRODUCTION NO. 18

Please produce any and all statement(s), memorandum(s), report(s), record(s), or data compilation(s) identified in your response to Interrogatory No. 8.

<SIGNATURE APPEARS ON THE FOLLOWING PAGE>

Respectfully submitted this _____ day of August, 2013.

JAMES E. LEE II
State Bar No. 443405
Attorney for Plaintiff

James E. Lee II, P.C.
870 College Street
P.O. Box 6294
Macon, Georgia 31208-6294
(478) 749-6901
(478) 749-6964 (fax)

6