IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| BARBARA McCOY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 5:13-CV-393 (MTT) |
| THE KROGER COMPANY, | ) ) ) |
| Defendant. | ) ) |

### ORDER

Before the Court is the Plaintiff's motion to remand this case to the State Court of Houston County. (Doc. 9). For the reasons discussed below, this motion is **GRANTED**.

### I. FACTUAL BACKGROUND

On July 8, 2010, Plaintiff Barbara McCoy alleges she slipped and fell due to a wet substance on the floor of one of Defendant The Kroger Company's grocery stores. (Doc. 1-2 at ¶¶ 6-8). McCoy seeks $12,110.89 in special damages for her medical expenses resulting from the injury. (Doc. 1-2 at ¶ 20). She also seeks an unspecified amount in general damages for Kroger's alleged negligence and her past, present, and future pain and suffering. (Doc. 1-2 at ¶ 22). McCoy further requests the costs of litigation and her attorney's fees because of Kroger's alleged bad faith and stubborn litigiousness. (Doc. 1-2 at ¶ 23).

Prior to filing suit, McCoy offered to settle her claim for $125,000. (Doc. 11-1). In her settlement demand package, McCoy thoroughly details the medical treatment she received for her alleged injuries and the cost of that treatment. Her injuries consist

primarily of a right wrist contusion, a left ankle sprain, and an acute shoulder sprain. (Doc. 11-1 at 3-4). Her treatment consisted primarily of physical therapy. Her final visit for these injuries occurred November 3, 2011, and there is no indication from the settlement package that McCoy requires further treatment or has severe persisting pain.

On October 14, 2013, Kroger removed McCoy's action from the State Court of Houston County, Georgia, pursuant to 28 U.S.C. § 1446. On November 13, 2013, McCoy filed her motion to remand.[1]

## II. DISCUSSION

### A. Removal Standard

An action filed in state court is removable to federal court where the federal court would have federal question or diversity jurisdiction. 28 U.S.C. § 1441(a). "For removal to be proper, the removing party must establish federal subject matter jurisdiction at the time the notice of removal is filed." *Cross v. Wal-Mart Stores, E., LP*, 2011 WL 976414, at *1 (M.D. Ga.) (citing *Leonard v. Enterprise Rent-A-Car*, 279 F.3d 967, 972 (11th Cir. 2002)). The party seeking removal bears the burden of establishing federal jurisdiction. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010) (citations omitted).

---

[1] In McCoy's reply to her motion to remand, she argues for the first time that Kroger's notice of removal is procedurally defective because Kroger failed to remove her original action in state court but has now removed her renewed state action, filed pursuant to O.C.G.A. § 9-2-61, which is substantially the same as the original action. It is not clear that this argument was timely raised before the Court. "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). Courts appear to be split on whether a party may raise a procedural argument outside of the 30-day window even if the initial motion to remand was timely filed. *Compare BEPCO, L.P. v. Santa Fe Minerals, Inc.*, 675 F.3d 466, 471 (5th Cir. 2012) ("[W]e reject any suggestion that the timing of the presentation of a removal defect—rather than the submission of the remand motion—is what matters for a timeliness analysis under Section 1447(c)."), *with N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir. 1995) ("[T]"he critical date is not when a motion to remand is filed, but when the moving party asserts a procedural defect as a basis for remand."). The Court need not address these issues, however, because the Court finds it lacks subject matter jurisdiction over this action for the reasons discussed below.

Diversity jurisdiction exists when the opposing parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Where "the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Pretka*, 608 F.3d at 752 (citations omitted). However, "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Id.* at 754 (citations omitted). The removing defendant may satisfy this burden by showing it is "facially apparent" from the complaint that the amount in controversy exceeds $75,000, "even when the complaint does not claim a specific amount of damages[,]" or with the use of additional evidence demonstrating removal is proper. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (internal quotation marks and citations omitted). Any uncertainties should be resolved in favor of remand. *Burns v. Windsor Inc.*, 31 F.3d 1092, 1095 (11th Cir. 1994) (citations omitted). "[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe*, 613 F3d at 1062.

### B. Amount in Controversy

The Parties do not dispute that they are diverse, but they disagree whether the amount in controversy exceeds $75,000. It is not facially apparent from McCoy's complaint that the amount in controversy exceeds $75,000. The special damages pled by McCoy total $12,110.89 for medical expenses. To satisfy the amount in controversy, Kroger must show by a preponderance of the evidence that McCoy's general damages

exceed $62,889.11.  Kroger relies on McCoy's pre-suit settlement offer as evidence that removal is proper.

First, a settlement offer alone is not determinative of the amount in controversy, although it does "count[] for something."  *Burns*, 31 F.3d at 1097.  How much it counts depends on its content.  A settlement offer that reflects "puffing and posturing" is entitled to little weight.  *Jackson v. Select Portfolio Serving, Inc.*, 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009).  On the other hand, "[m]ore weight should be given to a settlement demand if it is an 'honest assessment of damages.'"  *Cross*, 2011 WL 9764141, at *2 (citations omitted).  "[S]ettlement offers that provide specific information to support the plaintiff's claim for damages suggest[] the plaintiff is offering a reasonable assessment of the value of his claim."  *Farley v. Variety Wholesalers, Inc.*, 2013 WL 1748608, at *2 (M.D. Ga.) (alteration in original) (internal quotation marks omitted).

Here, the Court believes McCoy's $125,000 settlement offer is not an honest assessment of damages and was mere posturing for settlement purposes.  The objective evidence outlined in the settlement offer consists of minor treatment, including physical therapy and pain medication, for relatively minor injuries.  Although the offer indicates McCoy still suffers from minor pain and stiffness, the letter also states her pain has been substantially lessened, and she does not have any serious ongoing concerns.  Further, the offer indicates McCoy's treatment concluded more than two years ago and does not mention any needed or suggested further treatment.  *Cf. Farley*, 2013 WL 1748608, at *3 (concluding the amount in controversy was satisfied by the plaintiff's $150,000 settlement demand, despite alleging only $13,095.08 in past medical expenses in the complaint, because of the possibility of two future surgeries and the fact

-4-

that the plaintiff remained in severe pain).  In the Court's experience, it is not likely McCoy will recover nearly $63,000 in general damages.

Second, to the extent Kroger is relying on McCoy's refusal to stipulate the total value of her damages is less than $75,000, a refusal by itself is also inadequate to prove the amount in controversy.  "There are several reasons why a plaintiff would not so stipulate, and a refusal to stipulate standing alone does not satisfy [Kroger's] burden of proof on the jurisdictional issue."  *Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001).

### III.  CONCLUSION

The Plaintiff's motion to remand is **GRANTED**, and this case is **REMANDED** to the State Court of Houston County.  The Court, in its discretion, declines to award the Plaintiff attorney's fees and costs associated with defending against the removal of her case.

**SO ORDERED,** this 16th day of December, 2013.

                          S/ Marc T. Treadwell
                          MARC T. TREADWELL, JUDGE
                          UNITED STATES DISTRICT COURT